THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON APELA AFOA,

    Plaintiff,

v.

CHINA AIRLINES LTD, et al.,

    Defendants.

CASE NO. C11-0028-JCC

ORDER DENYING MOTION TO AMEND COMPLAINT AND REMAND

This matter comes before the Court on Plaintiff's motion to amend his complaint and remand the case to state court (Dkt. No. 105). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff worked for Evergreen Aviation Ground Logistics Enterprises, Inc., ("EAGLE"), a company that provided ground services at Seattle-Tacoma International Airport ("SeaTac") to Defendants China Airlines, Hawaiian Airlines, Eva Airways, and British Airways ("Airline Defendants"). (Dkt. No. 26 at ¶¶ 2.9–2.10, 3.10, 4.10, 5.40.) On December 26, 2007, Plaintiff was severely injured when the brakes and steering failed on the "pushback" he was driving and it collided with a machine used to load cargo on and off airplanes ("cargo loader"). (Dkt. No. 26 at ¶¶ 8.2, 8.10–8.12.) A "pushback" is a powered industrial vehicle used to move airplanes around the tarmac at large airports. (Dkt. No. 26 at ¶ 6.7.) The cargo loader collapsed on Plaintiff,

crushing him.

Prior to instituting this suit, Plaintiff filed in state court a separate action against the Port of Seattle ("Port"), which owns SeaTac. (Dkt. No. 105 at 2.) The state trial court dismissed Plaintiff's claims against the Port on summary judgment. Plaintiff appealed and the Washington State Supreme Court ultimately held that the trial court's grant of summary judgment was erroneous. *See Afoa v. Port of Seattle*, 296 P.3d 800 (Wash. 2013).

After the state trial court dismissed his claims against the Port, and shortly before the three-year statute of limitations for tort actions ran, Plaintiff filed the instant suit in state court against the Airline Defendants and the manufacturers of the pushback and the cargo loader involved in his accident. (Dkt. No. 105 at 2–3.) Defendants timely removed the case to this Court on the basis of diversity jurisdiction. (Dkt. No. 1.) The Court stayed all proceedings in this matter pending the state supreme court's resolution of Plaintiff's appeal in the parallel litigation against the Port. (Dkt. No. 77.)

Plaintiff now moves to file a third amended complaint to add the Port as a defendant in this action. Plaintiff and the Port are both citizens of Washington State. Accordingly, Plaintiff asks the Court to remand this matter under 28 U.S.C. § 1447(e). His stated purpose is to have this action consolidated with the pending state court action against the Port. (Dkt. No. 114 at 2.)

## II. DISCUSSION

### A. Amendment to Add a Defendant who Would Destroy Diversity Jurisdiction

When, after removal, a plaintiff seeks to join a defendant whose joinder would destroy subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) ("section 1447(e)"). As the statute's permissive terms suggest, a district court has discretion to either permit or deny the joinder of a non-diverse defendant in a case removed on the basis of diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Courts will not permit amendment when amendment would be futile. *See Moore v.*

*United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004) (finding no reason to permit amendment to add a defendant when amendment would be futile because statute of limitations had run). Defendants argue that Washington's three-year statute of limitations for tort actions bars Plaintiff's claim against the Port. Plaintiff does not dispute that the statue of limitations for claims against the Port ran in December 2010. Instead, he argues that his proposed amendment relates back to his original complaint. The Court will determine whether Plaintiff's claims against the Port are time-barred or whether they relate back to Plaintiff's initial complaint, before evaluating whether to allow joinder under section 1447(e). *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 656–658 (S.D. Cal. 2000) (concluding that plaintiff's claims against new defendants were not time-barred because they related back to plaintiff's initial complaint and then deciding whether to allow joinder under section 1447(e)).

1. **Relation Back of Amendments**

In a diversity action, an amendment will relate back to an earlier pleading if the state law supplying the applicable statute of limitations would permit relation back. *See* Fed. R. Civ. P. 15(c)(1)(A) & advisory committee's 1991 note. Alternatively, an amendment that seeks to add a new defendant relates back to the original pleading if the claims arise out of the "conduct, transaction, or occurrence set out . . . in the original pleading" and the new defendant, within in the time for serving a summons or complaint under Rule 4(m), received notice of the action such that it will not be prejudiced in defending the action and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C).

Under Rule 15(c)(1)(A), the Court considers whether Plaintiff's amendment to add the Port would relate back to his initial complaint under Washington law. Washington law governing relation back of amendments to add new defendants is essentially the same as federal law. *See* Wash. Civ. R. 15(c); *Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1073 (Wash. 1987) (stating that Civil Rule 15(c) is derived from Federal Rule of Civil Procedure 15(c)). If

anything, Washington law imposes a higher burden on a plaintiff seeking leave to add a new defendant, by requiring that the plaintiff show that the delay in adding the defendant is not the result of "inexcusable neglect." *Haberman*, 744 P.2d at 1073. Failure to name a defendant whose identity is apparent is considered "inexcusable neglect" and is a sufficient basis to deny leave to amend. *Id.* Plaintiff clearly knew the identity of the Port and recognized it as a potentially liable party when he filed his complaint in this action because he had already sued the Port. Under Washington law, Plaintiff's failure to join the Port earlier was the result of "inexcusable neglect" so his amendment does not relate back.

Plaintiff also argues that that the statute of limitations was tolled under Washington law while his claims against the Port were on appeal in the state courts. His argument is based on a misreading of the Washington State Supreme Court's decision in *Elliott v. Peterson*, 599 P.2d 1282 (Wash. 1979). The *Elliot* court held that when a trial court erroneously denies a plaintiff's request to take a voluntary nonsuit and that decision is reversed on appeal, the statute of limitations is tolled from the date of the erroneous trial court decision. *Id.* at 1283–84. The court said that any other rule would deny a plaintiff the "fruits of his appeal" (i.e., the right to dismiss his claims without prejudice and file a second suit). *Id.* at 1283. The court noted that this was in contrast to the case of most appeals that result in reversal of a judgment for the defendant. The court explained, "such a reversal almost invariably results in the entry of judgment for the plaintiff or the granting of a new trial. In either case, the extension of the time in which to bring a new action is unnecessary." *Id.* at 1284.

Plaintiff's appeal of the state trial court's grant of summary judgment in favor of the Port did not toll the statute of limitations for his claims against the Port. As the *Elliot* court explained, there was no need for tolling because the reversal of the trial court's decision resulted in a remand of Plaintiff's case to the trial court for further proceedings against the Port.

The Court also concludes that Plaintiff's proposed amendment to add the Port does not relate back under Federal Rule of Civil Procedure 15(c)(1)(C) because there was no mistake in

the proper party's identity in this case. Plaintiff knew that the Port was potentially liable for his injuries and sued the Port. For reasons only Plaintiff can know, he decided not to sue the Airline Defendants and product manufacturers in that same suit. The Court agrees with Plaintiff that trying his claims against the Airline Defendants and product manufacturers separately from his claims against Port will result in duplicative proceedings that will waste the resources of the courts and the parties, and may result in inconsistent judgments. Those unfortunate outcomes, however, are the result of Plaintiff's decision not to name all potential tortfeasors in his initial action against the Port. The Court cannot skirt the rules of civil procedure and deny Defendants the benefit of a federal forum in an effort to conserve limited judicial resources.

The parties filed a joint status report indicating that if Plaintiff's motion were denied he would seek a stay of this matter pending resolution of the state court case. (Dkt. No. 106.) Some of the Defendants seem to think a stay is appropriate. (Dkt. No. 111 at 8.) Others apparently disagree and may request consolidation of discovery in this matter with discovery in the state court proceeding (Dkt. No. 106 at 2.) As there are no pending motions pertaining to these matters, the Court expresses no opinion thereon.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint and to remand this matter (Dkt. No. 105) is DENIED.

DATED this 12th day of April 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE