UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON APELA AFOA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHINA AIRLINES LTD, et al.,<br><br>    Defendants. | CASE NO. C11-0028-JCC<br><br>ORDER GRANTING IN PART AND DENYING IN PART TLD AMERICA'S MOTION TO DISMISS |

This matter comes before the Court on Defendant TLD America's motion to dismiss Plaintiff's claims against it (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART AND DENIES IN PART the motion for the reasons explained herein.

I.     **BACKGROUND**

Plaintiff worked for Evergreen Aviation Ground Logistics Enterprises, Inc., ("EAGLE"), a company that provided ground services to multiple airlines at Seattle-Tacoma International Airport ("SeaTac"). (Dkt. No. 26 at ¶ 2.9.)[1] Plaintiff alleges that he was severely injured when the brakes and steering failed on the "pushback" he was driving and it collided with a machine used to load cargo on and off airplanes ("cargo loader"). (Dkt. No. 26 at ¶¶ 8.2, 8.10–8.12.) A

---

[1] All facts are taken from Plaintiff's Second Amended Complaint (Dkt. No. 26), which is the operative complaint in this matter (*see* Dkt. No. 62).

"pushback" is a vehicle used to move airplanes around the tarmac at large airports. (Dkt. No. 26 at ¶ 6.7.) Plaintiff alleges that the pushback collided with the cargo loader in the area of the "S" gates at SeaTac. (Dkt. No. 26 at ¶ 8.11.) Plaintiff alleges that the cargo loader "malfunctioned and the upper deck section of the cargo loader collapsed upon Plaintiff . . . , crushing him against the pushback he had been operating, and sandwiched him between the upper deck of the cargo loader and the pushback." (Dkt. No. 26 at ¶ 8.12.)

Plaintiff alleges that Defendant TLD America ("TLD") designed, manufactured, marketed, distributed, or provided product support for the cargo loader. (Dkt. No. 26 at ¶¶ 7.4–7.8.) He further alleges that TLD "failed to ensure the cargo loader was crashworthy, had adequate safety features, including but not limited to adequate collision protection, adequate structural properties, adequate structural design, adequate warning systems, and adequate protection against collapse or side impacts." (Dkt. No. 26 at ¶ 15.14.)

## II. DISCUSSION

### A. Pleading Standard and Leave to Amend

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court does not accept legal conclusions as true, so "[t]hreadbare recitals of the elements of a cause of action" are not sufficient to survive a motion to dismiss. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A claim that fails to present a "cognizable legal theory" or sufficient facts to support a cognizable claim will be dismissed under Rule 12(b)(6). *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

ORDER GRANTING IN PART AND DENYING IN
PART TLD AMERICA'S MOTION TO DISMISS
PAGE - 2

The court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court weighs five factors in deciding whether to grant leave to amend—"bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "Dismissal without leave to amend" on the basis of futility "is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

### B. Plaintiff's Washington Product Liability Act and Negligence Claims

The Washington Product Liability Act ("WPLA") preempts all common-law negligence claims for product-related injuries. *Wash. State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1066 (Wash. 1993). TLD argues that Plaintiff's complaint includes a free-standing claim for negligence based on the alleged malfunction of the cargo loader. (*See* Dkt. No. 26 at ¶ 15.14 (alleging the TLD "breached common law duties of ordinary care owed to Plaintiff").) Plaintiff argues that this is not a freestanding claim for negligence, but rather that he alleges breaches of common law duties "to the extent that common law concepts are incorporated into the WPLA." (Dkt. No. 53 at 4 n.7 (citing *Ruiz-Guzman v. Amvac Chem. Corp.*, 7 P.3d 795 (Wash. 2000)).) Plaintiff's allegation of breach of common law duties is permissible to the extent it supports his WPLA design defect claim; it is not a freestanding claim.

The WPLA imposes liability on a manufacturer for a claimant's harm that was proximately caused by a product that "was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided." Wash. Rev. Code § 7.72.030(1). A plaintiff may establish a WPLA violation under either a failure to warn theory or a design defect theory. *Soproni v. Polygon Apartment Partners*, 971 P.3d 500, 504 (Wash. 1999). Plaintiff alleges both.

### 1. Failure to Warn

The Washington State Supreme Court has held that a plaintiff cannot make out a claim

for failure to warn where "the record established that the lack of warnings did not contribute to the accident in any way." *Soproni*, 971 P.3d at 504. In *Soproni*, the court concluded that because the plaintiff had seen her infant son open the window from which he later fell, she knew of the danger and no warning could have prevented the accident. *Id.* The allegations in Plaintiff's complaint similarly establish that lack of warnings about the cargo loader did not contribute to his accident. Plaintiff alleges that he lost control of the pushback and it collided with the cargo loader. Plaintiff's complaint sets out no facts from which the Court can conclude that any warning TLD could have provided would have prevented this collision from happening. Accordingly, Plaintiff's WPLA claims based on failure to warn are dismissed with prejudice. The Court concludes that further amendment would be futile because there is no warning TLD could have provided about the cargo loader that would have prevented Plaintiff's out-of-control pushback from colliding with it.

### 2. Design Defect

A plaintiff can establish liability for a design defect in one of two ways: (1) the "risk utility test"; or (2) the "consumer expectations" test. *Id.* at 504–05. Under the risk utility test, the plaintiff must show that

> at the time of manufacture, the likelihood that the product would cause the plaintiff's harm or similar harms, and the seriousness of those harms, outweighed the manufacturer's burden to design a product that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the product's usefulness.

*Id.* at 505. Under the consumer expectations test, the plaintiff must show that the product was "unsafe to an extent beyond that which would be contemplated by the ordinary consumer." *Id.*

Plaintiff's complaint alleges that the design of the cargo loader was defective because when the pushback collided with the cargo loader, the cargo loader's upper deck collapsed on Plaintiff, either causing or exacerbating his injuries. His complaint also

alleges that the cargo loader's design was defective because it was not "crashworthy," and lacked "adequate collision protection, adequate structural properties, adequate structural design . . ., and adequate protection against collapse or side impacts." (Dkt. No. 26 at ¶ 15.14.) Although Plaintiff's factual allegations are limited, they are sufficient to state a plausible claim that the design of the cargo loader was defective under the WPLA. Plaintiff is not required to decide whether he will use the risk utility or consumer expectations test to support his design defect claim, and provide evidence in support thereof, at this early stage in the proceeding.

Moreover, Plaintiff has sufficiently pled proximate cause. TLD argues that Plaintiff has "failed to identify any way in which TLD America's product supposedly caused plaintiff's alleged injuries." (Dkt. No. 41 at 11.) To the contrary, Plaintiff has alleged that TLD's cargo loader was the proximate cause of Plaintiff's injuries because it collapsed on him.

Plaintiff's allegations regarding the nature of the design defect would certainly be stronger if supported by the kinds of factual allegations that Plaintiff included in his response to TLD's motion to dismiss. (Dkt. No. 53 at 9–10.) Although he is not required to do so, Plaintiff is granted leave to amend his complaint to add those factual allegations if he wishes to do so.

The Court does not accept TLD's argument that Plaintiff should not be permitted to further amend his complaint because he has already done so once in state court and once in federal court. Although the number of times a plaintiff has previously amended his complaint is one factor the court considers in determining whether to permit additional amendment, the most important factor is prejudice to the defendant. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (district court erred in denying leave to amend where only reason given was that plaintiff had previously amended complaint three times). TLD has not articulated any prejudice it will

ORDER GRANTING IN PART AND DENYING IN
PART TLD AMERICA'S MOTION TO DISMISS
PAGE - 5

suffer from Plaintiff's further amendment of his complaint.

### 3. Express or Implied Warranties

Plaintiff alleges that TLD violated the WPLA because the cargo loader "did not conform to express or implied warranties." (Dkt. No. 26 at ¶ 15.9.) Plaintiff's complaint provides no factual information about any warranties or the manner in which they were breached. Accordingly, Plaintiff's WPLA claim based on warranties is dismissed without prejudice. Plaintiff may amend his complaint to add facts sufficient to support this claim within twenty (20) days of the date of this order.

## III. CONCLUSION

For the foregoing reasons, Defendant TLD's motion to dismiss Plaintiff's complaint (Dkt. No. 41) is GRANTED IN PART and DENIED IN PART.

DATED this 12th day of April 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE