THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON APELA AFOA,<br><br>  Plaintiff,<br><br>  v.<br><br>CHINA AIRLINES LTD, et al.,<br><br>  Defendants. | CASE NO. C11-0028-JCC<br><br>ORDER GRANTING IN PART AND DENYING IN PART TLD AMERICA'S MOTION TO DISMISS |

This matter comes before the Court on Defendant TLD America's motion to dismiss some of Plaintiff's claims against it (Dkt. No. 121). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in PART and DENIES in PART the motion for the reasons explained herein.

I. BACKGROUND

Plaintiff provided ground services at Seattle-Tacoma International Airport. (Dkt. No. 119 at ¶¶ 4.5, 4.9.) Plaintiff alleges that he was severely injured when the brakes and steering failed on the small industrial truck he was driving and it collided with a machine used to load cargo on and off airplanes ("cargo loader"). (Dkt. No. 119 at ¶¶ 9.10–12.) Plaintiff alleges that the cargo loader "malfunctioned" and collapsed on him, injuring him. (Dkt. No. 119 at ¶ 9.12.)

Plaintiff alleges that Defendant TLD America ("TLD") designed, manufactured, marketed, distributed, or provided product support for the cargo loader. (Dkt. No. 119 at ¶¶ 8.4–

8.8.) He alleges that TLD "expressly warranted" that the cargo loader "was of good workmanship and is free from mechanical defects, and designed with safety as the most important consideration." (Dkt. No. 119 at ¶ 17.15.) He also alleges that TLD "implied that the cargo loader was safe and able to withstand low speed impacts without collapsing and causing injury, and represented that it was crashworthy and safe for the particular purpose of airport operations." (*Id.*)

The Court granted in part and denied in party TLD's motion to dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 116.) The Court dismissed with prejudice Plaintiff's claim for failure to warn under the Washington Product Liability Act ("WPLA"). (Dkt. No. 116 at 4.) The Court denied TLD's motion to dismiss Plaintiff's design defect claims under the WPLA. (Dkt. No. 116 at 5–6.) The Court dismissed Plaintiff's breach of warranty claims with leave to amend. (Dkt. No. 116 at 6.)

## II. DISCUSSION

### A. Pleading Standard and Leave to Amend

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court does not accept legal conclusions as true, so "[t]hreadbare recitals of the elements of a cause of action" are not sufficient to survive a motion to dismiss. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A claim that fails to present a "cognizable legal theory" or sufficient facts to support a cognizable claim will be dismissed under Rule 12(b)(6). *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).

The court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court weighs five factors in deciding whether to grant leave to amend—"bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "Dismissal without leave to amend" on the basis of futility "is appropriate only when the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

### B. Plaintiff's Washington Product Liability Act Claims

Plaintiff's Third Amended Complaint improperly re-asserts his claim for failure to warn, which the Court previously dismissed with prejudice. (Dkt. No. 119 at ¶ 17.6–17.7.) The Court assumes this was the result of an oversight by Plaintiff's counsel. In any case, Plaintiff's failure to warn claim was dismissed with prejudice (*see* Dkt. No. 116 at 4) and need not be addressed further.

Plaintiff's Third Amended Complaint alleges that TLD failed to protect him from "foreseeable misuse of the cargo loader" (Dkt. No. 119 at ¶ 17.13) and that the cargo loader failed to comply with government requirements relating to "design or warnings" (Dkt. No. 119 at ¶ 17.10.) Although Plaintiff's argument is not entirely clear, the Court reads his response to TLD's motion to argue that the two challenged allegations are not freestanding claims but rather support his design defect claim, which the Court previously ruled was adequately pled. The Court agrees that the two challenged allegations are not freestanding claims but rather describe alternative theories that may support Plaintiff's design defect claim. Accordingly, the Court DENIES TLD's request to dismiss those allegations. To the extent that the second allegation (Dkt. No. 119 at ¶ 17.10) is intended to support Plaintiff's failure to warn claim, it is of no effect.

#### 1. Express or Implied Warranties

Plaintiff alleges that TLD violated the WPLA because the cargo loader "did not conform to express or implied warranties." (Dkt. No. 26 at ¶ 15.9.) Contractual privity between the parties

is required to establish a claim for breach of implied warranty. *Thongchoom v. Graco Children's Prods. Inc.*, 71 P.3d 214, 219 (Wash. Ct. App. 2003). "[F]or there to be recovery on a breach of an implied warranty, the plaintiff must have purchased something." *Id.* Plaintiff has never alleged that he purchased the cargo loader. Moreover, it is not plausible that Plaintiff did so. The cargo loader is a large piece of industrial machinery that obviously was not purchased by an individual ground services employee. Accordingly, Plaintiff's claim for breach of implied warranties is DISMISSED with prejudice.

Under Washington law, a manufacturer is subject to strict liability if the claimant's harm was proximately caused by the fact that a product was not reasonably safe because "it did not conform to the manufacturer's express warranty . . . ." Wash. Rev. Code § 7.72.030(2). "A product does not conform to the express warranty of the manufacturer if it is made part of the basis of the bargain and relates to a material fact or facts concerning the product and the express warranty is proved to be untrue." *Id.* § 7.72.030(2)(b). Generally, privity is also required before a plaintiff may maintain a cause of action for breach of express warranty, but the requirement "is relaxed if the manufacturer makes express representations in advertising, or in some other form, to the plaintiff." *Thongchoom*, 71 P.3d at 219. "Recovery for breach of an express warranty is contingent on a plaintiff's knowledge of the representation." *Id.* (quoting *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Contr., Inc.*, 831 P.2d 724, 731 (1992)). Moreover, a plaintiff must show that he relied on the express warranty. *Reece v. Good Samaritan Hosp.*, 953 P.2d 117, 123 (Wash. Ct. App. 1998).

As did his Second Amended Complaint, Plaintiff's Third Amended Complaint fails to state the express warranties on which his claim is based. (*See* Dkt. No. 116 at 6.) Plaintiff's Third Amended Complaint contains the new allegation that TLD "expressly warranted that equipment manufactured and sold by them, including the cargo loader, was of good workmanship and is free from mechanical defects, and designed with safety as the most important consideration." (Dkt. No. 119 at ¶ 17.15.) This factual allegation is insufficient to survive dismissal because it

ORDER GRANTING IN PART AND DENYING IN
PART TLD AMERICA'S MOTION TO DISMISS
PAGE - 4

does not quote any specific representation, describe where or when the representation was made, or describe how Plaintiff knew of such representation or relied thereon. Accordingly, Plaintiff's claim for breach of express warranty is DISMISSED.

Plaintiff asserts that he can cure any deficiencies in his express warranty claim. The Court grants Plaintiff a final opportunity to amend this claim. Any proposed amendment must be filed within twenty (20) days of the date of this order and must quote specific representations by TLD, describe where and when they were made, and explain how Plaintiff knew about them and relied thereon. The Court will, *sua sponte*, dismiss with prejudice any amendment that fails to address these deficiencies.

## III.   CONCLUSION

For the foregoing reasons, Defendant TLD's motion to dismiss claims in Plaintiff's Third Amended Complaint (Dkt. No. 121) is GRANTED IN PART and DENIED IN PART.

DATED this 3rd day of July 2013.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE