THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
8                                 AT SEATTLE

9    BRANDON APELA AFOA,                      CASE NO. C11-0028-JCC

10                          Plaintiff,        ORDER

11              v.

12   CHINA AIRLINES LTD, et al.,

13                          Defendants.

14

15       This matter comes before the Court on Plaintiff's Motion to Compel (Dkt. No. 164) and

16   motions for summary judgment from Defendants British Airways (Dkt. No. 150), EVA Airways

17   Corp. (Dkt. No. 153), Hawaiian Airlines, Inc. (Dkt. No. 154), and China Airlines, Ltd. (Dkt. No.

18   158) (collectively, "Airline Defendants"). Having thoroughly considered the parties' briefing and

19   the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions

20   from British Airways, EVA Airways, and China Airlines (Dkt. Nos. 150, 153, 158), and

21   GRANTS in part the motion from Hawaiian Airlines (Dkt. No. 154). The Court GRANTS in part

22   Plaintiff's Motion to Compel (Dkt. No. 164).

23   I.      BACKGROUND

24       On December 26, 2007, Plaintiff was severely injured when the brakes and steering failed

25   on the "pushback" he was driving and it collided with a machine used to load and unload cargo

26   from airplanes. A "pushback" is a powered industrial vehicle used to move airplanes around the

ORDER
PAGE - 1

tarmac at large airports. (Dkt. No. 132 ¶ 9.3.) Plaintiff had been providing pushback services to Hawaiian Airlines at a "B" gate and was driving the pushback to gate S-15 to provide services for China Airlines. (*Id.* ¶ 9.4.) The accident happened as he was moving between these areas. (*Id.*; Dkt. No. 158 at 3.)

Plaintiff brought claims against the Airline Defendants alleging breach of duties under the Washington Industrial Safety and Health Act of 1973 ("WISHA") (Dkt. No. 117 at 9), breach of duties under the common-law retained-control doctrine (*Id.* at 5–7), and breach of duties owed to an invitee on premises by a possessor of land (*Id.* at 10.) In an April 2013 order, this Court dismissed with prejudice the negligence and WISHA claims against EVA Airways and British Airways, but allowed them to remain against Hawaiian Airlines and China Airlines. (*Id.* at 11.) The Court dismissed without prejudice the premises-liability claims against all defendants. (*Id.*) Plaintiff filed a Fourth Amended Complaint on August 8, 2013, re-alleging claims of premises liability against all defendants, as well as WISHA and negligence claims against Hawaiian Airlines and China Airlines. (Dkt. No. 132.) Facts relevant to particular claims are discussed in more detail in the sections below.

On October 4, 2013, the defendants submitted motions seeking protective orders to avoid providing discovery beyond what they had already provided. (Dkt. Nos. 136, 140, 143.) On November 15, the Court denied these requests because the defendants' generic arguments failed to show good cause. (Dkt. No. 149.) Over the next several weeks, all defendants moved for summary judgment. (Dkt. Nos. 150, 153, 154, 158.) On December 10, 2013, Plaintiff moved to compel further responses to Defendants' discovery requests. (Dkt. No. 164.)

## II. DISCUSSION

### A. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v.*

1   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there

2   is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at

3   49. At the summary-judgment stage, evidence must be viewed in the light most favorable to the

4   nonmoving party, and all justifiable inferences must be drawn in the nonmovant's favor. *See*

5   *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

6       **B.**     **Evidence Considered on Summary Judgment**

7       Parties must include in their initial disclosures "the name . . . of each individual likely to

8   have discoverable information—along with the subjects of that information—that the disclosing

9   party may use to support its claims or defenses, unless the use would be solely for

10  impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). A party must supplement or correct disclosures

11  made under Rule 26(a) "if the party learns that in some material respect the disclosure or

12  response is incomplete or incorrect, and if the additional or corrective information has not

13  otherwise been made known to the other parties during the discovery process or in writing." Fed.

14  R. Civ. P. 26(e)(1)(A). A party's failure to provide information under Rule 26 means that the

15  "the party is not allowed to use that information or witness to supply evidence on a motion . . .

16  unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

17      Plaintiff contends that much of the evidence submitted in support of the summary-

18  judgment motions cannot be considered under Rule 37 because the evidence was not disclosed in

19  discovery. For example, Plaintiff argues that Hawaiian Airlines cannot rely on a declaration from

20  its station manager, Roland Kaopuiki, and states that the airline never identified this person in

21  their discovery responses. (Dkt. No. 162 at 9; Dkt. No. 155.) Hawaiian does not claim otherwise.

22  Instead, Hawaiian contends that the failure was "harmless" because "no additional information

23  would have been set forth in an answer to discovery than was actually set forth in [the]

24  declaration." (Dkt. No. 165 at 9.) In other words, Hawaiian argues that the failure to disclose

25  information earlier was harmless because it was eventually disclosed with the motion—the same

26  motion that is not supposed to be based upon that information. Interpreting Rule 37 in such a

ORDER
PAGE - 3

1    manner would render it meaningless, and the Court declines to adopt Hawaiian's reasoning.
2    Accordingly, the Court does not consider the declaration of Roland Kaopuiki on summary
3    judgment.

4        Plaintiff also contends that China Airlines should not be able to rely on evidence from
5    Shin Lang Lin, arguing, "[w]hile China Airlines LTD's discovery responses did include list [sic]
6    the name of 'Lin/Shinlang' . . . in its responses to Interrogatories Nos. 7 and 11 (Dkt. No. 138-2),
7    it provided minimal information about him, and the discovery responses that China Airlines LTD
8    has refused to provide would be expected to include information and materials relevant to Mr.
9    Lin's assertions." (Dkt. No. 162 at 9.) The Court disagrees with Plaintiff's characterization of the
10   discovery responses. The discovery provided by China Airlines identifies Mr. Lin as a station
11   manager who "interacted with personnel from EAGLE to arrange for EAGLE to provide ground
12   support services for China Airlines' flights in and out of Sea-Tac" and "had knowledge of the
13   type of ground support services EAGLE was to provide for the China aircraft that was parked at
14   gate S-15 . . . ." (Dkt. No. 138-2 at 7.) The interrogatories also state that he "was the China
15   Airlines station manager at Seattle at the time of plaintiff's injury and had supervisory authority
16   over employees of China Airlines only." (Dkt. No. 138-2 at 9.) These answers identify Mr. Lin
17   and the subject of the discoverable information he would be expected to have. *See* Fed. R. Civ. P.
18   26(a)(1)(A)(i).  (Whether Plaintiff can succeed in his related argument under Fed. R. Civ. P.
19   56(d) is discussed below.) China Airlines provided enough information in its responses such that
20   it can rely on Mr. Lin's affidavit on summary judgment.

21       Plaintiff also objects to the declaration of James Jennings, who was not identified in the
22   discovery responses from British Airways. (Dkt. No. 162 at 9.) Because the Court does not rely
23   on this declaration, the Court need not consider this objection.

24   **C.    Standard under Rule 56(d)**

25       Under Rule 56(d), if a nonmovant shows that "for specified reasons, it cannot present
26   facts essential to justify its opposition," the court may "(1) defer consideration of the motion or

ORDER
PAGE - 4

1   deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any

2   other appropriate relief."  "The requesting party must show: (1) it has set forth in affidavit form

3   the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

4   sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v.*

5   *Federal Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (discussing Rule 56(f),

6   which is currently 56(d)). A party requesting additional discovery must show that it "diligently

7   pursued its *previous* discovery opportunities" and also show how additional discovery would

8   preclude summary judgment. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir.

9   1994). The nonmoving party bears the burden of establishing that additional discovery would

10  produce evidence sufficient to defeat summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*,

11  242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

12          **D.      Premises-Liability Claims**

13          In dismissing without prejudice the premises-liability claims against the Airline

14  Defendants, this Court allowed Plaintiff to amend to "allege facts sufficient to support his

15  assertion that one or more of the Airline Defendants possessed the land on which he was

16  injured." (Dkt. No. 117 at 10.) Plaintiffs' Fourth Amended Complaint includes allegations that

17  the defendants "leased the 'S' Gate area . . . for purposes including '[o]perational staging of

18  equipment for fueling, servicing, loading, or unloading and line maintenance of aircraft' as well

19  as the regular servicing of aircraft at the gates." (Dkt. No. 132 ¶¶ 10.83–10.86.)

20          On summary judgment, Defendants have produced evidence demonstrating that the

21  accident occurred outside this gate area and that no defendant had ownership or control over the

22  area. This evidence includes a declaration from Daniel Cowdin, who was the Airport Ramp

23  Services Manager from February 2005 to December 2010 (Dkt. No. 137), the Ground Service

24  Operator Licensing Application and Agreement (Dkt. No. 137, ex. A), and a 2007 gate-allocation

25  drawing marked with where the accident occurred. (Dkt. No. 137 at 3). Daniel Cowdin was listed

26  as someone with knowledge of equipment-storage policies in the original discovery responses

(Dkt. Nos. 138-1 at 7, 138-3 at 7, 138-4 at 7), and these materials were also all included with Defendants' motions for protective orders, which were filed in early October.

Mr. Cowdin states:

> I had the authority, acting solely on behalf of the Port of Seattle, to authorize EAGLE, in accordance with the License Agreement it had with the Port, to park its cargo loader in the location it was parked prior to the time of the accident involving Mr. Afoa. No representative of China Airlines, Ltd, Hawaiian Airlines, Inc., EVA Airways Corp., or British Airways, PLC participated in any way in my decision authorizing EAGLE to utilize this space as the place where it was allowed to park its cargo holder.

(Dkt. No. 137 at 3.) The License Agreement states that the Port of Seattle had the right to assign the parking/storage area for EAGLE's equipment. (Dkt. No. 137, ex. A ¶ 3.) And the gate-allocation drawing and Mr. Cowdin's description demonstrates that the accident occurred outside the S-15 gate area. (Dkt. No. 137, ex. D.)

Plaintiff obviously knows where the accident occurred, but never disputes the factual assertions about the location. Plaintiff never suggests that Defendants' statements are incorrect, nor do any of the allegations in his Complaint contradict Defendants' description (Dkt. No. 132 ¶ 9.4). Plaintiff gives no suggestion about how additional discovery responses could demonstrate that the accident occurred on land that any of the defendants leased, and the Court cannot imagine how they would. For there to be a genuine dispute regarding a material fact, there must be more than a mere scintilla of evidence in support of a party's position, and here there is not even that. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In these circumstances, Plaintiff's generalized request for further discovery responses does not establish how additional discovery would preclude summary judgment.

The Court therefore GRANTS Defendants summary judgment on Plaintiff's premises-liability claims.

### E.     WISHA Claims

WISHA provides that all employers must "comply with the rules, regulations, and orders

promulgated under this chapter." Wash. Rev. Code § 49.17.060(2). This Court declined to dismiss Plaintiff's WISHA claims because the Complaint included sufficient facts alleging that Hawaiian Airlines and China Airlines retained enough control over Plaintiff's work to expose them to liability. On summary judgment, Defendants China Airlines and Hawaiian Airlines argue that Plaintiff identifies no specific WISHA regulations that the defendants violated, and that no evidence suggests that the condition causing Plaintiff's injury was within the scope of control retained by the defendants. (Dkt. No. 154 at 15; Dkt. No. 158 at 14.)

In response, Plaintiff argues merely that he needs more discovery responses. (Dkt. No. 162.) But Plaintiff has not even identified what regulations were violated, much less identified relevant actions on the part of Defendants or suggested what facts could be uncovered that would further the unidentified claims. The Court concludes that Plaintiff has not shown that additional discovery would preclude summary judgment. *See Qualls*, 22 F.3d at 844. The Court therefore GRANTS summary judgment to China and Hawaiian on Plaintiff's WISHA claims.

**F.    Negligence Claims**

In Washington, the general common law rule is that one who hires an independent contractor "is not liable for injuries to employees of the independent contractor resulting from their work." *Kelley v. Howard S. Wright Constr. Co.*, 582 P.2d 500, 505 (Wash. 1978). There is an exception to this rule where "the employer of the independent contractor . . . retains control over some part of the work." *Id.* The employer of the independent contractor "then has a duty, within the scope of that control, to provide a safe place to work." *Id.* "The test of control is not the actual interference with the work of the [contractor], but the right to exercise such control." *Id.*; *see also Kamla v. Space Needle Corp.*, 52 P.3d 472, 476 (Wash. 2002) (rejecting the argument that Washington law required actual control as opposed to "retention of the right to direct the manner in which the work is performed").

In concluding that Plaintiff's negligence claims against Hawaiian Airlines and China Airlines survived a motion to dismiss, this Court concluded that Plaintiff had provided factual

1    allegations sufficient to conclude that Hawaiian Airlines and China Airlines "retained control

2    over [Plaintiff's] work and are potentially liable for his injuries because he was working for them

3    when he was injured." (Dkt. No. 117 at 7.)

4         As discussed above, the Court does not consider the declaration from Hawaiian's station

5    manager, Roland Kaopuiki. *See* Fed. R. Civ. P. 37. Yet Hawaiian relies on this declaration as the

6    sole evidence of its arguments concerning the negligence claims, including whether Hawaiian

7    had any involvement in the manner in which the tug/pushback was operated or the manner in

8    which EAGLE or its employees maintained the tug/pushback. (Dkt. No. 154 at 13–14.) The

9    Court therefore concludes that Hawaiian has failed to meet its initial burden on summary

10   judgment and DENIES summary judgment as to this claim.

11        By contrast, China Airlines has provided an affidavit from Mr. Lin, who was identified in

12   discovery as the China Airlines station manager who interacted with EAGLE personnel and had

13   knowledge of the services that EAGLE provided for China Airlines. (Dkt. No. 138-2 at 7, 9.)

14   China Airlines also provided the names of the maintenance manager and the supervisor working

15   at the counter or ramp. (Dkt. No. 138-2 at 5.) Mr. Lin states that the accident occurred before

16   Plaintiff began work for China Airlines, that China Airlines had no authority over or

17   involvement with Plaintiff driving the tug/pushback, and that China Airlines had no involvement

18   with how EAGLE or its employees maintained EAGLE's equipment. (Dkt. No. 159 at 4.)

19        There is no evidence that Plaintiff sought to depose Lin, nor that Plaintiff sought

20   information from any of the China Airline employees identified in the interrogatories. Plaintiff

21   makes the generalized statement that further discovery "would be expected to include

22   information and materials relevant to Mr. Lin's assertions." (Dkt. No. 162 at 9.) This statement

23   not only fails to suggest that Mr. Lin's statements are incorrect, but also suggests no possible

24   basis for contradicting his assertions. *See Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827; *Qualls*

25   *By and Through Qualls*, 22 F.3d at 844. Where Plaintiff has had the opportunity to investigate

26   and presents nothing contradicting China Airlines's account or suggesting what facts could

1   possibly contradict it, summary judgment is appropriate. The Court therefore GRANTS China

2   Airlines' motion for summary judgment on the negligence claims.

3       **G.      Motion to Compel**

4       Courts have broad discretion to control discovery. *See Avila v. Willits Envtl. Remediation*

5   *Trust*, 633 F.3d 828, 833 (9th Cir. 2011). If no claim of privilege applies, parties may obtain

6   discovery of any information that is "relevant to any party's claim or defense[.]" Fed. R. Civ. P.

7   26(b)(1). "Relevant information for purposes of discovery is information 'reasonably calculated

8   to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Productions*,

9   406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d

10  1465, 1470 (9th Cir. 1992)). Discovery should be limited, however, where its "burden or expense

11  . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the

12  parties' resources, the importance of the issues at stake in the action, and the importance of the

13  discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

14      Both parties presumably recognize that the summary-judgment rulings narrow the scope

15  of potential discovery. Accordingly, the Court declines to determine which of the interrogatories

16  and production requests remain relevant. It is obvious, however, that Hawaiian Airlines will need

17  to provide more responses, as it itself appears to recognize. The Court notes that Hawaiian was

18  incorrect in thinking that nothing it could provide in discovery would have changed the outcome

19  on summary judgment and notes that it will look with disfavor upon further reticence. (Dkt. No.

20  165 at 11.) Both parties are reminded that the Federal Rules strongly encourage parties to resolve

21  discovery disputes privately and discourage them from seeking needless court intervention.

22  **III.   CONCLUSION**

23      For the foregoing reasons, the motions for summary judgment from British Airways,

24  EVA Airways, and China Airlines (Dkt. Nos. 150, 153, 158) are GRANTED. Hawaiian Airlines

25  is GRANTED summary judgment on the premises-liability and WISHA claims, but DENIED

26  summary judgment on the negligence claims. (Dkt. No. 154.)

1      Plaintiff's motion to compel discovery responses (Dkt. No. 164) from Defendants British

2  Airways, EVA Airways, and China Airlines is DENIED as moot. Plaintiff's motion to compel is

3  GRANTED as to Hawaiian Airlines, and Plaintiff and Hawaiian Airlines are DIRECTED to

4  coordinate discovery on the remaining negligence claim.

5      DATED this 21st day of February 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 10